**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**EMERSON HENRIQUE ARANTES,**

      **Petitioner,**

      **v.**

**ACTING FIELD OFFICE**
**DIRECTOR OF ENFORCEMENT**
**AND REMOVAL OPERATIONS,**
**DETROIT FIELD OFFICE,**
**IMMIGRATION AND CUSTOMS**
**ENFORCEMENT, et al.,**

      **Respondents.**

**Case No. 1:26-cv-424**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Vascura**

## ORDER

U.S. Immigration and Customs Enforcement (ICE) detained Petitioner Emerson Henrique Arantes, a Brazilian citizen, on April 25, 2026, pending removal proceedings. (Doc. 1, #1, 7). Henrique Arantes filed a Petition for Writ of Habeas Corpus requesting that the Court order his release or a bond hearing. (*Id.* at #28). The petition asserts that ICE is detaining him under 8 U.S.C. § 1225(b)(2), which mandates detention, when instead 8 U.S.C. § 1226(a) and related regulations, which provide for discretionary detention, govern. (*Id.* at #12–15). The petition also asserts Administrative Procedure Act, Suspension Clause, due process, and Fourth Amendment claims. (*Id.* at #16–28). The Sixth Circuit recently issued a decision supporting Henrique Arantes' view as to the Immigration Nationality Act (INA) and due process issues. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732, 734 (6th Cir. 2026).

Respondents filed a Return of Writ (Doc. 4), on May 13, 2026. There, Respondents acknowledged that *Lopez-Campos* is binding on this Court and pointed out that the Court could resolve Henrique Arantes' petition based solely on the Sixth Circuit's interpretation of § 1226(a). (*Id.* at #42). A week later, the government filed a notice informing the Court that Henrique Arantes received a bond hearing on May 15, 2026, where an IJ denied bond. (Doc. 5, #57). The government therefore asserts that Henrique Arantes' petition is now moot. (*Id.* at #58). And, getting out ahead of Henrique Arantes' "probable disagreement with the Immigration Judge," the government argues that the IJ's order does not violate due process. (*Id.* at #58). The government also says that, to the extent Henrique Arantes wishes to challenge the IJ's order, he is required to exhaust his administrative remedies before challenging the order in federal court. (*Id.* at #58–59).

Immediately after the government's notice, Henrique Arantes filed a Supplemental Memorandum Supporting Petition for Writ of Habeas Corpus (Doc. 6). There, Henrique Arantes does indeed assert that the IJ's order denying bond violates his due process rights. (*Id.* at #65). He argues that he "submitted evidence in support of his good moral character, community ties[,] and fixed address." (*Id.* (citing Doc. 6-1 (bond hearing record)). Despite that evidence, though, the IJ ruled for Respondents because the IJ found Henrique Arantes "to be a flight risk due to minimal ties to the community," and because any relief based on Henrique Arantes' pending asylum application was "speculative." (*Id.* (quoting Doc. 6-1, #69)). So he now requests that the Court (1) order his immediate release; (2) alternatively, hold a "Due Process

Compliant bond hearing" before *this* Court (rather than order a bond hearing before an IJ); and (3) order Respondents to provide all evidence in support of their position that Henrique Arantes is a flight risk, as well as a digital audio recording of the bond hearing and Henrique Arantes' appearance at the Cleveland Immigration Court for his earlier Master Hearing on December 11, 2024. (*Id.* at #66).

Henrique Arantes has not shown that he is entitled to any of this relief. To be sure, the Court agrees that noncitizens are entitled to due process in removal proceedings. *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam). But Henrique Arantes doesn't develop his due process argument beyond offering conclusory allegations. He also cites no authority for the conclusion that the IJ's order violates his due process rights. Instead, he asserts that's so because (1) "he had already attended a Master Hearing in the Cleveland Immigration Court", (2) because he has "been compliant with the terms of his release on recognizance for nearly two years," and (3) because, at least as of the time of the IJ's order, Henrique Arantes' asylum application was still pending.[1] (Doc. 6, #65). Those underbaked assertions won't do. *Cf. Al-Shabee v. Gonzales*, 188 F. App'x 333, 339 (6th Cir. 2006) (observing that mere "disagreement" with an IJ's order denying petitioner's claims for asylum and withholding of removal "does not constitute a violation of the Due Process Clause" (citing *Catholic Soc. Serv., Inc. v. Reno*, 134 F.3d 921, 927 (9th Cir. 1998) ("Simply

---

[1] According to Henrique Arantes, his asylum application was scheduled for a May 26, 2026, merits hearing as of the time of his supplemental memorandum. (Doc. 6, #65). The parties have not provided any updates on that front to date.

labeling a claim as constitutional does not suffice to make it so.")). And the Court will not develop Henrique Arantes' argument for him.

Henrique Arantes also does not offer any argument or authority in support of his request for the evidence he seeks, or digital audio recordings of the bond hearing and his earlier Master Hearing at the Cleveland Immigration Court. Nor does he explain how or why this Court has the authority to conduct a de novo bond hearing following the IJ's denial of bond.

Accordingly, the Court agrees with the government that Henrique Arantes' petition is moot. To the extent that Henriques Arantes disagrees with the IJ's order, he may pursue his administrative remedies. (*See* Doc. 6-1, #70 (reserving Henrique Arantes' right to appeal the IJ's order)). But the Court will not second guess the IJ's custody determination based on the bare-bones assertions Henrique Arantes offers here.

The Court therefore **DISMISSES** Henrique Arantes' Petition for Writ of Habeas Corpus (Doc. 1), as **MOOT**. Consistent with that, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

June 23, 2026
**DATE**

      **DOUGLAS R. COLE**
      **UNITED STATES DISTRICT JUDGE**

4